[Civ. No. 69932. Second Dist., Div. Three. Feb. 29, 1984.]

AMOS TOMLIN et al., Plaintiffs, Cross-defendants and Respondents, v. ELSIE MAE COLE, Defendant, Cross-complainant and Appellant.

## COUNSEL

Schimmenti, Mullins & Berberian and John J. Schimmenti for Defendant, Cross-complainant and Appellant.

Peterson, Ross, Schloerb & Seidel and Carlos E. Sosa for Plaintiffs, Cross-defendants and Respondents.

## OPINION

LUI, J.—Appellant Elsie Mae Cole appeals from a judgment awarding possession of her home to respondents Amos and Mary Tomlin.

### FACTS

Prior to April 1980, appellant owned her home subject to two deeds of trust. The first deed of trust was held by Hawthorne Savings and Loan with an approximate balance of $20,000; the second deed of trust was held by TRWC Union and had an approximate balance of $15,000.

Appellant became delinquent in her loan payments and property taxes in the amount of $3,997.40, and attempted to sell her property through a realtor. Respondents made an offer to pay appellant $25,000 for her equity in the property, but she rejected the offer.

A few days later, however, appellant entered into a loan agreement with the respondents for the amount she owed in back taxes and delinquent loan payments. This loan was secured by a third deed of trust executed on April 25, 1980, in favor of respondents.

Appellant again fell behind in her loan payments and on January 13, 1981, TRWC Union issued a 90-day notice to foreclose on the second deed of trust. On January 16, 1981, a notice of default was issued pursuant to the third deed of trust held by the respondents. On October 1, 1981, a foreclosure sale was conducted by the trustee of respondents' third deed of trust. At the foreclosure sale, the property was purchased by respondents.

Thereafter, respondents filed an unlawful detainer action for possession of the property. Appellant filed a cross-complaint alleging, inter alia, violation of Civil Code section 2945 et seq., dealing with the mortgage foreclosure consultants.[1] Following a trial, judgment was entered for respondents in the unlawful detainer action and against appellant on her cross-complaint. This timely appeal followed.

## CONTENTION

Appellant contends that the trial court erred in holding that section 2945 et seq. were inapplicable to the loan transaction between appellant and respondents.

## DISCUSSION

### *Summary*

■ The protective provisions of section 2945 et seq. pertain to transactions where the homeowner's property is in foreclosure. As the subject loan occurred prior to the initiation of foreclosure proceedings, the transaction is not subject to these provisions. Accordingly, we affirm the judgment.

---

[1]Hereinafter, all references shall be to the Civil Code unless otherwise indicated.

*Section 2945 et seq. Do Not Apply to Transactions*
*With Homeowners Whose Residences Are*
*Not In Foreclosure*

These provisions of the Civil Code were passed by the Legislature in 1979, in recognition of the fact that *"homeowners whose residences are in foreclosure* are subject to fraud, deception, harassment and unfair dealing by foreclosure consultants" and hence are in need of legislative protection. These sections provide the homeowner with various procedural safeguards consistent with the expressed legislative intent. Section 2945, subdivision (c), states, "[t]he intent and purposes of this article are the following: (1) To require that foreclosure consultant service agreements be expressed in writing; to safeguard the public against deceit and financial hardship; to permit rescission of foreclosure consultation contracts; to prohibit representations that tend to mislead; and to encourage fair dealing in the rendition of foreclosure services." (See also §§ 2945.2 and 2945.3.)

However, the time period within which the transactions must occur in order to come within the protective mantle of these sections has been precisely laid down by the Legislature. The legislative findings and declarations state that homeowners are subject to "fraud, deception, harassment, and unfair dealing by foreclosure consultants from the time a Notice of Default is recorded pursuant to Section 2924 until the time of the foreclosure sale." (§ 2945, subd. (a).)

In the present appeal, it is undisputed that the subject property was not in foreclosure and further that no notice of default had been recorded at the time respondents made appellant the loan secured by the third deed of trust. Therefore, under the express terms of the sections set forth above, the provisions of these sections simply do not apply.

Appellant urges that a liberal construction of these sections would bring the transaction within the scope of its protection. Appellant claims that respondents' "sharp practices" were just the ones which these provisions of the Civil Code sought to eliminate so that to exempt respondents from coverage would frustrate the legislative intent. While section 2945, subdivision (c)(2), requires that "[t]he provisions of this article shall be liberally construed," it is a well-established rule of legislative construction that the intent of the Legislature must be ascertained from the language of the enactment, and if clear, there is no room for interpretation. (See *Caminetti* v. *Pac. Mutual L. Ins. Co.* (1943) 22 Cal.2d 344, 353 [139 P.2d 908].) ▪ When the meaning to be given to particular terms is prescribed by the Legislature in enacting a statute, that meaning is binding on the courts. (*Application of Monrovia Evening Post* (1926) 199 Cal. 263, 270 [248 P. 1017].)

Since the transaction is not covered by these provisions, respondents cannot be deemed "mortgage foreclosure consultants" pursuant to these provisions. Accordingly, it would be pointless to deal with the various claims of appellant, based on the premise that they are.

Furthermore, appellant's contention that respondents engaged in "sharp practices" is not supported by the record. There was an express finding by the trial court that "there's not one iota of evidence, no possible suggestion that [respondent] did anything wrong fraudulently or misrepresented in any way."

For the foregoing reasons, the judgment entered below is affirmed.

Klein, P. J., and Arabian, J., concurred.